## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**ALEJANDRO VALTIERRA,**

  **Plaintiff,**

 **vs.**           **Civ. No. 24-899  DHU/JFR**

**EKNHBAYAR NYAMSUREN and**
**A&J SERVICES X, LLC,**

  **Defendants.**

## ORDER DENYING MOTION TO STAY

**THIS MATTER** is before the Court on Defendants' Motion to Stay ("Motion").
Doc. 25.  On February 19, 2025, Plaintiff filed a Response.  Doc. 27.  On February 26, 2025,
Defendants filed a Reply.  Doc. 28.  Having reviewed the relevant law and being fully advised in
the premises, the Court finds Defendants' Motion is not well taken and it is **DENIED**.

## PROCEDURAL AND FACTUAL BACKGROUND

On August 5, 2024, Plaintiff filed an Amended Complaint in the First Judicial District,
County of Santa Fe, State of New Mexico.  Doc. 1-1.  Therein, Plaintiff states that on June 12,
2024, an accident involving himself and Defendant Nyamsuren occurred on I-25 in Belen,
New Mexico  *Id.* at 2.  Defendant Nyamsuren was driving a commercial motor vehicle in the
course and scope of his employment with Defendant A&J Services X, LLC at the time of the
accident.  *Id.*  Plaintiff alleges he sustained serious and permanent injuries, as well as property
and hedonic damages, as a result of the accident.  *Id.*  Plaintiff's Amended Complaint brings five
counts: Count I – Negligence and Negligence Per Se against Defendant Nyamsuren; Count II –
Liability Based Upon Respondeat Superior against Defendant A&J Services X, LLC;

Count III – Negligent Entrustment of a Motor Vehicle against Defendant A&J Services X, LLC;

Count IV – Negligent Hiring, Retention, and Supervision against Defendant A&J Services X,

LLC; and Count V – Punitive Damages against both Defendants.  Doc. 1-1.

On August 15, 2024, Defendant Nyamsuren was served.  On September 10, 2024,

Defendant filed a Notice of Removal based on diversity jurisdiction.  Doc. 1.

On September 10, 2024, Defendants each filed their respective Answers to the Amended

Complaint.  Doc. 4 and 7.  On September 10, 2024, Defendant A&J Services X, LLC, also filed a

Motion to Dismiss for Failure to State a Claim seeking dismissal of Counts III and IV of

Plaintiff's Amended Complaint.  Doc. 8.  On September 11, 2024, the Court entered an Order

Finding Good Cause to Delay Scheduling Order pending a ruling on Defendant A&J Services X,

LLC's Motion to Dismiss.  Doc. 12.

On January 28, 2025, Plaintiff filed a Motion for Status Conference.  Doc. 22.  Plaintiff's

counsel sought a hearing before the Court to argue that discovery should proceed.  *Id.*  On

February 6, 2025, the Court entered an Initial Scheduling Order.  Doc. 23.  The Court explained

that:

> Upon further review and because Defendant's Motion, even if granted, does not
> fully resolve all of the claims brought against Defendant A&J Services X, LLC, the
> Court finds that resolution of Defendant's Motion is not necessary for proceeding
> with a scheduling order and that good cause does not exist for its delay.

Doc. 23 at 1, fn. 1.  Despite the Court having entered an Initial Scheduling Order and terminating

Plaintiff's Motion for Status Conference, Defendants nonetheless filed a Response on

February 11, 2025 (Doc. 24), to which Plaintiff filed a Reply on February 19, 2025 (Doc. 26).

On February 12, 2025, Defendants filed the Motion seeking to stay discovery pending

resolution of their Motion to Dismiss which is presently before the Court.  Doc. 27.  On

February 19, 2025, Plaintiff filed a Response.  Doc. 27.  On February 26, 2025, Defendant filed a

Reply.  Doc. 28.

## LEGAL STANDARD

This Court has broad discretion to stay proceedings incident to its power to manage its

docket and may also issue a stay pursuant to Federal Rule of Civil Procedure 26(c), which allows

the court for good cause to limit discovery to protect a party from "undue burden or expense."

*Clinton v. Jones*, 520 U.S. 681, 706 (1997).  The Court has discretion to stay discovery pending

resolution of other matters in the case.  *See Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th

Cir. 2010) ("Discovery and scheduling are matters within the district court's broad discretion");

*see also King v. PA Consulting Group, Inc*., 485 F.3d 577, 591 (10th Cir. 2007) (the court has

broad discretion to manage the progression of discovery).  But that discretion should be

exercised cautiously.  When "a movant seeks relief that would delay court proceedings by other

litigants he must make a strong showing of necessity" for the relief.  *See Commodity Futures*

*Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).  In the

District of New Mexico, this holding has been interpreted as counseling against staying

discovery pending the resolution of another issue in the case.  *See, e.g., S2 Automation LLC v.*

*Micron Tech., Inc.*, 1:11-cv-00884-JB-WDS, 2012 WL 3150412 at *3 (D.N.M. July 23, 2012)

(explaining that the Tenth Circuit has held that where a movant seeks relief that would delay

court proceedings by other litigants he must make a strong showing of necessity because the

relief would severely affect the rights of others and that the underlying principle clearly is that

the right to proceed in court should not be denied except under the most extreme circumstances)

(citations omitted)).   Judges elsewhere in the Tenth Circuit have similarly held that district

courts should uphold a "general policy ... not to stay discovery even though dispositive motions are pending." *Kutilek v. Gannon*, 132 F.R.D. 296, 297 (D. Kan. 1990).

## ARGUMENTS AND ANALYSIS

In their Motion, Defendants argue the Court may, for good cause, stay and/or limit discovery and protect a party from "undue burden or expense." Doc. 25 at 3 (citing Fed. R. Civ. P. 26(c)(1)). Defendants argue that their Motion to Dismiss, which challenges the legal and factual sufficiency of Plaintiff's claims of negligent hiring, negligent training, negligent retention, negligent entrustment, and negligent supervision, merits a stay of discovery until the pending motion is decided. *Id.* at 4. Defendants further argue that proceeding with discovery pending a ruling on their Motion to Dismiss is unnecessary and wasteful.[1]

In Response, Plaintiff contends he has a right to discovery and has been indefinitely barred from prosecuting his case for more than half a year since filing his Amended Complaint. Doc. 26. Plaintiff contends, *inter alia*, that the discovery he seeks will likely have a significant bearing on the Motion to Dismiss, that evidence could be lost with the delay, and that the Motion

---

[1] Defendants cite a string of cases to support their requested stay of discovery; however, many of them are highly distinguishable from the procedural posture and facts in this case. *Martin v. City of Albuquerque*, 219 F. Supp. 3d 1081, 1089-90 (D.N.M. 2015) (explaining that the decision whether to stay discovery "depends greatly on each case's facts and progress"). For instance, in *Jones v. Azar*, 447 F. Supp. 3d 1121 (D.N.M. 2020), the court granted a stay of discovery pending a ruling on defendant's motion for summary judgment and explained this was the third in a series of cases filed by pro se plaintiff and involved frequent and duplicative filings and raised questions of claims and exhaustion. *Id.* at 1148. The court found a stay was necessary to ensure "that the initial proceedings and discovery, if any, were narrowly tailored to the properly exhausted and surviving claims." *Id.* at 1149. In *LaFluer v. Teen Help*, 342 F.3d 1145 (10th Cir. 2003), the court found that a protective order to postpone depositions of defendants' witnesses until the district court's decision on motion to dismiss based upon plaintiff's failure to comply with defendant's discovery requests for plaintiff's records was warranted, since depositions would have been unnecessary if the motion to dismiss were granted, and depositions would not have assisted plaintiff in opposing motion to dismiss. *Id.* at 1152-53. In *Nolan v. U.S. Dep't of Just.*, 973 F.2d 843 (10th Cir. 1992), the Tenth Circuit found that the district court acted within its discretion to defer discovery pending a motion for summary judgment when the discovery sought were records exempted by the Privacy Act and the propriety of the exemption was at issue in the motion. *Id.* at 849. In *Wetzel v. Diestel Turkey Ranch*, 2023 WL 3230556 (D.N.M. May 3, 3023), the court entered a protective order and stayed discovery of electronically stored information where the issue of plaintiff's standing was central to the dispositive and discovery motions. *Id.* at *1. In *Brent v. T.G. Baker Trucking, Inc.,* et al., No. 1:23-CV-01036 KG/JMR (D.N.M. Nov. 30, 2023), the court entered an order finding good cause to delay scheduling order pending a ruling on Defendants' Motion to Dismiss which, if granted, would dispose of the entire case.

to Dismiss pertains only to certain claims against Defendant A&J Services X, LLC, and not Defendant Nyamsuren. *Id.* at 3-5. Plaintiff contends that the Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery because a potentially dispositive motion is pending and that Defendants have failed to establish good cause to stay discovery. *Id.* at 5-6.

In Reply, Defendants argue that Plaintiff has not shown any prejudice should discovery be stayed. Doc. 28 at 4. Defendants argue that a stay eliminates voluminous motion practice over baseless and meritless claims which are likely to be dismissed with prejudice, and that the claims pending do not warrant the "intrusive, cumulative, burdensome, expensive, and time-consuming discovery proposed, prior to the Court's ruling on Defendants' Motion to Dismiss." *Id.* at 5. Defendants argue a stay of discovery would serve judicial economy. *Id.* Defendants argue that staying discovery until there is a ruling from the Court on its pending motion is consistent with the established and recognized practice in this district. *Id.*

Under the Civil Justice Reform Act and the Federal Rules of Civil Procedure, the Court must attempt to secure the "just, speedy, and inexpensive" resolution of every civil case before it. 28 U.S.C. § 471; Fed. R. Civ. P. 1. This standard requires the Court, in the course of ensuring a just outcome, to both (1) expedite the ultimate disposition of litigation and (2) reduce its costs. Discovery stays generally impede the first goal but may, depending on the circumstances, serve the second. As such, the decision whether to stay discovery "depends greatly on each case's facts and progress" and is within the Court's "broad discretion." *De Baca v. United States*, 403 F. Supp. 3d 1090, 1111-12 (D.N.M. 2019); *Martin v. City of Albuquerque*, 219 F. Supp. 3d 1081, 1089-90 (D.N.M. 2015).

In deciding whether to stay discovery, courts must exercise sound judgment and "weigh competing interests." *De Baca*, 403 F. Supp. 3d at 1111; *Martin*, 219 F. Supp. 3d at 1090. In so doing, courts

> may consider factors such as: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Mestas v. CHW Grp. Inc.*, No. CV 19-792 MV/CG, 2019 WL 5549913, at *1 (D.N.M. Oct. 28, 2019) (quotation marks and brackets omitted). Further, it may be appropriate for a court to stay discovery until a pending dispositive motion is decided where "the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome." *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).[2]

Here, Plaintiff filed his Amended Complaint on August 5, 2024, after which Defendants were served and then answered on September 10, 2024. Since the filing of Plaintiff's Amended Complaint, nearly seven months have passed and no discovery has been permitted. If the Court were to grant Defendants' Motion, this already substantial delay would only grow. A delay of this duration is certainly not "speedy," Fed. R. Civ. P. 1, and threatens to become unfairly prejudicial to Plaintiff. Thus, the Court finds that Plaintiff's interests in proceeding expeditiously and avoiding potential prejudice weigh heavily against a discovery stay at this juncture.

---

[2] Defendants argue there is "good cause" to stay proceedings pursuant to Fed R. Civ. P. 26(c)(1). However, Defendants are not seeking a protective order for discovery sought. *See* Fed. R. Civ. P. 26(c)(1) (a party or any person from whom discovery is sought may move for a protective order in the court where the action is pending and the court may, for good cause, issue an order to protect). Defendants are also not seeking a modification of already existing scheduling order deadlines. *See* Fed. R. Civ. P. 16(b)(4) (a scheduling order "may be modified only for good cause"). Finally, the Court in its Initial Scheduling Order found that resolution of Defendant's Motion to Dismiss was not necessary for proceeding with a scheduling order and that good cause does not exist for its delay. Doc. 23 at 1, fn. 1. The Court, therefore, finds that good cause does not support Defendants' Motion.

In contrast, Defendants have not shown that the burden it will bear should discovery be allowed to proceed is in any way out of the ordinary or would be wasteful. Defendants argue that a stay eliminates voluminous motion practice and unnecessary discovery over "baseless and meritless claims which are likely to be dismissed with prejudice." While that is one possibility, it is also possible that Defendants' Motion to Dismiss will be denied, or granted as to some of Plaintiff's claims but not all, in which case discovery will still be necessary. In addition, it is possible that the Motion to Dismiss will be granted with leave to amend, which may also result in the need for discovery. *See Castanon v. Cathey*, 976 F.3d 1136, 1144 (10th Cir. 2020) ("District courts should freely give leave to amend when justice so requires.") (quotation marks and brackets omitted)). Further, even if Defendants' Motion to Dismiss were granted without leave to amend, it will not resolve the entire case and both Defendants will remain parties with viable claims against them. Thus, though Defendants' interests weigh slightly in favor of a stay, they do not overcome Plaintiff's interests weighing against one.

With respect to other factors the Court considers, Defendants have not identified any nonparty who would be so burdened by their involvement in discovery in this case that the nonparty's interests would tip the scales in favor of a stay. Nor do the Court's convenience and the public interest have that effect. Moreover, it serves neither the Court nor the public to delay discovery indefinitely.

The Court in its discretion, therefore, finds Defendants' Motion is not well taken and it is **DENIED.**

**IT IS SO ORDERED.**

**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**